**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN DAVID SCHOCKLEY, #11006369,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:12-CV-0869-M-BK** |
| | § | |
| **TERESA HAWTHORNE,** | § | |
| **203rd District Court, Dallas County, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States Magistrate Judge.  For the reasons that follow, it is recommended that Plaintiff's voluntary motion to dismiss be granted.

On May 17, 2012, Plaintiff filed a *Motion to Withdraw Pending Claim(s)*.  (Doc. 9.)  He indicated that he wishes to "withdraw this claim – terminating it in its entirety and relieving Plaintiff from any further filing fee costs." *Id.* 9 at 1.  Even though he previously dismissed case numbers 3:12-CV-0622 and 3:12-CV-0870, Plaintiff notes that he "is still being charged 20% of all inmate trust deposits into his account." *Id.*  He, thus, requests the Court to "credit Plaintiff's inmate trust account for (all) filing fees debited from his account." *Id.*

The Court liberally construes Plaintiff's *Motion to Withdraw Pending Claim(s)* as a voluntary motion to dismiss brought under FED. R. CIV. P. 41(a) and recommends that the same be granted.  Insofar as Plaintiff requests that the filing fee order filed on April 2, 2012, be vacated, his request should be denied.  "No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal." *Hatchet v. Nettles*, 201 F.3d 651, 654, (5th Cir.

2000) (*per curiam*) (citing *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997) (the Prison

Litigation Reform Act (PLRA) requires a court to assess filing fees at the time a case or an

appeal is filed, regardless of whether the case or appeal is later dismissed by the court or by the

plaintiff's voluntary dismissal).

For the foregoing reasons, it is recommended that Plaintiff's voluntary motion to dismiss

(Doc. 9) be **GRANTED**, and that his request to waive any further filing fee payments be

**DENIED**.

SIGNED May 18, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE